Jewell M. McCULLOUGH, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–73–296.

Court of Criminal Appeals of Oklahoma.

March 26, 1974.

R. W. "Bud" Byars, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Jewell M. McCullough, hereinafter referred to as defendant, was charged and tried in the District Court, Tulsa County, Case No. CRF–72–1557, for the offense of Murder with Firearms and convicted of the lesser included offense of Manslaughter in the First Degree. Her punishment was fixed at four (4) years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the facts reveal that on August 2, 1972, one Leo Murphy came to the home of the defendant where Mrs. Lena Peterson (defendant's aunt) was staying, and attempted to get Mrs. Peterson to return to Kansas with him. The evidence throughout the trial revealed that Mr. Murphy and Mrs. Peterson had been living together in Kansas for some period of time. Mrs. Peterson had returned to the home of the defendant approximately one week prior to the incident. After Mr. Murphy had entered the home, there was friendly conversation until Mr. Murphy insisted upon Mrs. Peterson returning with him to Kansas. At that time there was some argument about her returning, during which argument the defendant retired to a bedroom, returned with a pistol, and shot Mr. Murphy. The defendant testified that she feared for her children and was afraid that Mr. Murphy would kill somebody, as he kept his hands in his back pockets.

The testimony further revealed that Mr. Murphy died from a gunshot wound and that statements made by defendant shortly after the incident indicated to police officers that she shot the deceased. There was no testimony that the deceased was armed in any way and no weapon was found upon his body, nor was there any testimony to indicate anyone saw a knife or any weapon in the deceased's hand.

The defendant presented numerous witnesses who testified to her good character and reputation in the community.

■ The first proposition asserts that the trial court erred in submitting Instruction No. 9 to the jury. Instruction No. 9 reads as follows:

"You are further instructed that in connection with Instruction Number 8, a reasonable cause for such belief is such an overt act or demonstration made by the deceased at the time of the shooting as, considered in the light of all the facts and circumstances then existing and known to the slayer, or by him believed to be true, would create in the mind of a reasonably prudent person in like situation, an honest belief that the deceased then and there intended to kill her or inflict great bodily injury upon her or her children, and that it was necessary to kill the deceased in order to avert such threatened danger to herself or children. What acts or demonstrations do or do not constitute such reasonable cause and whether or not any were made are questions of fact to be determined by the jury, upon a consideration of all the facts and circumstances in evidence before you. And in this connection, you are instructed that if you believe from the evidence in this case beyond a reasonable doubt that the defendant shot the deceased and thereby killed him, but should further believe that the deceased, without the defendant having sought the difficulty, or having voluntarily entered into it, or having wilfully provoked it, assaulted the defendant in such manner and under such circumstances as would cause a reasonable person, situated as was the defendant at the time, to honestly believe that he was in immediate danger of being killed or of receiving great

bodily injury at the hands of the deceased, and that the defendant, under such circumstances for the purpose of averting such apprehended injury to himself and not in the spirit of malice or revenge, inflicted the fatal wound upon the deceased, having reasonable cause to believe and honestly believing that it was necessary to him to act for the preservation of his own safety, then and in that event the killing would be justifiable and it would be your duty to acquit the defendant."

The defendant's argument under this proposition is that the above instruction places an overriding burden on the defendant to prove her defense of self-defense beyond a reasonable doubt.

First, we observe from the record that defendant did not object to any of the court's instructions, nor were any requested instructions offered. This Court has consistently held that where counsel is not satisfied with instructions that are given, or desires the court to give any particular instruction, or to more definitely or sufficiently state any propositions embraced in the instructions, it is the duty of counsel to prepare and present to the court such desired instructions and request that they be given, and in the absence of such request, the Court of Criminal Appeals will not reverse a case if the instructions generally cover the subject matter of inquiry. See Schapansky v. State, Okl.Cr., 478 P.2d 912 (1971). We have carefully reviewed the above instruction in conjunction with the court's other instructions to the jury, and find the court's instructions generally cover the subject matter of inquiry and that Instruction No. 9 does not place an overriding burden on the defendant to prove her defense of self-defense beyond a reasonable doubt, but in fact, Instruction No. 9 is favorable to the defendant.

█ The defendant's second proposition asserts that the verdict was not sustained by the evidence and defendant's Demurrer to the evidence should have been sustained. This Court has consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, since it is the exclusive province of the jury to weigh the evidence and determine the facts. See Stanley v. State, Okl.Cr., 512 P.2d 829 (1973). We have carefully reviewed the entire record and transcript of the evidence and it is our opinion that the State, at the close of its evidence, had proved a prima facie case, and find no error in the trial court's overruling the defendant's Demurrer to the State's evidence. Further, we find there was sufficient competent evidence in the record on which the jury could base their verdict. We, therefore, find this proposition to be without merit.

Finding no error sufficient to require modification or reversal, it is our opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

However, considering all the facts and circumstances concerned in this case, defense counsel is admonished to consider the provisions of 22 O.S.1971, § 994, for consideration by the trial court.

BLISS, P. J., and BRETT, J., concur.