CHARLES E. WRIGHT *v.* STATE OF MARYLAND

[No. 181, September Term, 1975.]

*Decided November 26, 1975.*

The cause was argued before MORTON, MENCHINE and MASON, JJ.

*I. Elliott Goldberg, Assigned Public Defender,* for appellant.

*Arrie W. Davis, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Milton B. Allen, State's Attorney for Baltimore City,* and *Dana M. Levitz, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

MASON, J., delivered the opinion of the Court.

The appellant, Charles E. Wright, was convicted by a jury in the Criminal Court of Baltimore for the crimes of manslaughter and violation of the handgun statute. He was sentenced to a term of five years for the manslaughter conviction and a consecutive term of five years for the handgun conviction.

The evidence adduced at trial reveals that on 7 April, 1974, around 11:00 p.m., the appellant and the victim, James L. Bagley, became involved in a heated argument. After exchanging profanities for several minutes, the victim removed his glasses and gave them to a bystander. He then took two steps toward the appellant and reached back into his hip pocket. The appellant in response to the action of the victim, pulled a .38 calibre pistol from his pocket and fired two shots which fatally wounded the victim. No weapon was found on the victim.

According to the appellant, he shot the victim because he thought the victim was reaching into his pocket for a gun. He had seen the victim carrying a gun on several occasions, and he knew the victim had previously shot and killed a man. Several other witnesses also testified that they had previously seen the victim carrying a gun, and that the victim had a reputation for being a violent person.

The appellant in seeking a reversal of the judgment below, contends, *inter alia,* that "the trial court erred in instructing the jury as to the burden of the appellant in a criminal case."

He assigns as error the following parts of the jury instructions:

"... The burden is on the defendant to show circumstances of mitigation, excuse or justification which will reduce the offense to manslaughter or not guilty."

. . .

"The burden of proving self-defense is on the defendant. Although this burden may be fulfilled by a fair preponderance of the credible evidence the defendant need not prove the defense of self-defense beyond a reasonable doubt."

The objection now raised by the appellant to the jury instruction was not raised below. In fact, the identical parts of the instruction of which the appellant complains were included in his written request of proposed instructions submitted to the lower court.

Ordinarily, the failure to object to an instruction before the jury retires to consider its verdict precludes appellate review. However, this Court may, on its own motion, correct any plain error material to the rights of the accused even though not objected to. *Brown v. State*, 14 Md. App. 415, 287 A. 2d 62 (1972), Maryland Rule 756 g. We hold the issue here cognizable on appeal because it has threshold constitutional implications and, because there was plain error material to the rights of the appellant in the challenged instruction.

In *Mullaney v. Wilbur*, 421 U.S. 684, 95 S. Ct. 1881 (1975), the accused was convicted of murder. The Supreme Court reversed this conviction on the basis that the State of Maine required the accused to prove that he acted in the heat of passion or sudden provocation to reduce the murder to manslaughter. The Court held that the Maine Rule did not comport with the requirement of the Due Process Clause of the Fourteenth Amendment, that the prosecution must prove beyond a reasonable doubt every fact necessary to constitute the crime charged, including proving beyond a

reasonable doubt the absence of the heat of passion or sudden provocation when the issue is properly presented.

Not unlike Maine, it was the settled rule in this State that the accused had the burden of proving he acted in hot blood in order to reduce murder to manslaughter. *Chisley v. State*, 202 Md. 87 (1953). Thus, the challenged instruction, although a correct statement of the then existing law in this State, is now constitutionally infirm.

In *Evans v. State*, 28 Md. App. 640, 349 A. 2d 300 (1975), this Court, in a luminous explication of *Mullaney* by Judge Moylan, held, *inter alia*, that it is unconstitutional to impose upon a defendant a burden of proving, by any standard, his innocence as to any element of a crime, or to relieve the State of its burden of proving beyond a reasonable doubt any element of the crime charged.

In the present case, the jury was instructed that the burden was on the appellant "to show circumstances of mitigation, excuse or justification which will reduce the offense to manslaughter or not guilty."

We conclude from the evidence that the question of mitigation, excuse or justification was a jury issue in the case. Therefore, the instruction was an unconstitutional allocation of the burden of persuasion in violation of the *Mullaney* mandate. If mitigation were the only jury issue generated in the case, the instruction, although erroneous, would not have resulted in any cognizable harm or prejudice to the appellant because unlike *Mullaney, supra*, the appellant was convicted of manslaughter and not murder. As we said in *Evans, supra*, at page 655,

> "Where the issue which a defendant has fairly generated is whether sufficient mitigation existed to lower the *mens rea* to the non-malicious, though still felonious, level of manslaughter, the verdict has cured the error. The defendant has received everything for which he was contending and to which he may arguably have been entitled. He was, to be sure, put to an unfair burden in lowering the conviction to the manslaughter level, but he

nonetheless shouldered his burden successfully. The law will not countenance the reversal of a manslaughter conviction, which the defendant agrees he deserved, merely so that upon retrial he may achieve the same end more effortlessly."

The fatal flaw in the instruction was the erroneous allocation to the appellant of the burden of persuasion on the question of justification or excuse. Not only did this relieve the State of proving beyond a reasonable doubt that the offense was not justified or excused as mandated by *Mullaney;* it also required the appellant to assume the burden of proving justification and excuse as proscribed by *Mullaney.*

Heretofore, it was the law in this State that self-defense was an affirmative defense and the Defendant had the burden of persuasion by a preponderance of the evidence. *Gunther v. State,* 228 Md. 404, 179 A. 2d 880 (1961); *Street v. State,* 26 Md. App. 336, 338 A. 2d 72 (1975).

Thus, the self-defense instruction, as given, was consistent with the law existing at that time. However, in *Evans, supra,* we extended the principle laid down in *Mullaney* and applied it to affirmative defenses, such as self-defense. As a consequence, the instant instruction, which placed the burden of proving self-defense on the appellant by a fair preponderance of the evidence, was unconstitutional. See *State v. Grady,* 276 Md. 178, 345 A. 2d 436 (1975), where the Court of Appeals held a jury instruction which placed upon the defendant the burden of proving an alibi defense was in violation of the Federal Constitution as well as the Law of Maryland.

Since this case must be reversed, we find it unnecessary to consider the other issues raised by the appellant.

*Judgments reversed, case
remanded for a new trial.*