[No. 5477-9-II.   Division Two.   April 8, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. DAVID ACOSTA, *Appellant.*

388

*Steven Thayer* and *William K. Thayer*, for appellant.

*Arthur D. Curtis, Prosecuting Attorney*, and *Richard Melnick, Deputy*, for respondent.

WORSWICK, A.C.J.—David Acosta appeals his conviction of second degree assault (RCW 9A.36.020(1)(b)), contending that the trial court erred in not requiring the State to disprove self–defense, in not allowing defense counsel to impeach the victim by asking whether she had frequented taverns as a minor, and in permitting the State to cross-examine him regarding defense counsel's representations at an omnibus hearing. We affirm.

In the early morning hours of October 14, 1980, Kimberly Polmateer and Acosta went for a drive in Polmateer's car. They stopped to smoke marijuana. Polmateer testified that Acosta then beat and attempted to rape her. Acosta claimed he accused Polmateer of stealing his wallet; she responded by attacking him and he beat her in self–defense. Acosta was convicted by a jury of second degree assault.

Acosta contends the trial court erred in not instructing the jury that the State must prove the absence

of self–defense as an element of second degree assault. We disagree. The State must prove beyond a reasonable doubt the absence of a defense if the absence of such defense is an ingredient of the offense. *State v. Atkinson*, 19 Wn. App. 107, 575 P.2d 240 (1978); *State v. Bruce*, 19 Wn. App. 392, 576 P.2d 1324 (1978). Absence of the defense is an ingredient of the offense if specified by the statute, or if one or more elements of the defense may negate one or more elements of the offense. *See State v. McCullum*, 98 Wn.2d 484, 656 P.2d 1064 (1983).[1] *See also State v. Hanton*, 94 Wn.2d 129, 614 P.2d 1280 (1980).

Acosta was convicted under RCW 9A.36.020(1)(b), which provides:

(1) Every person who, under circumstances not amounting to assault in the first degree shall be guilty of assault in the second degree when he:

. . .

(b) Shall knowingly inflict grievous bodily harm upon another with or without a weapon; . . .

Nothing in this statute suggests that absence of self–defense is an element of the offense. The issue, then, is whether self–defense negates any element of the offense. We hold it does not.

Self–defense is defined in RCW 9A.16.020, as follows:

The use, attempt, or offer to use force upon or toward the person of another is not unlawful in the following cases:

. . .

(3) Whenever used by a party about to be injured, or by another lawfully aiding him, in preventing or attempting to prevent an offense against his person, or a malicious trespass, or other malicious interference with

---

[1]Acosta relies heavily on the plurality opinion in *McCullum*. Assuming that opinion correctly states present law, it does not change the result here. The test set forth in *McCullum* for determining whether absence of a defense is an ingredient of the offense is met only if (1) the statute reflects a legislative intent to treat absence of the defense as one of the elements included in the definition of the offense; or (2) one or more elements of the defense may negate one or more elements of the offense. *McCullum*, 98 Wn.2d at 490. Neither element of this test is met here.

real or personal property lawfully in his possession, in case the force is not more than is necessary;

Second degree assault under RCW 9A.36.020(1)(b) consists of three elements: (1) grievous bodily harm, (2) knowingly inflicted upon another, (3) with or without a weapon. Acosta contends the "knowledge" element means knowledge on the defendant's part that his actions constitute a crime. He argues he did not "knowingly" inflict bodily harm on Polmateer because he knew he was acting in self-defense and, therefore, knew his actions were not criminal. We disagree.

A person knows or acts knowingly or with knowledge when "he is aware of a fact, facts, or circumstances or result described by a statute defining an offense; . . ." RCW 9A.08.010(1)(b)(i). The fact described by this statute is grievous bodily harm. The prosecution makes a prima facie case if it proves that a defendant was aware he was inflicting grievous bodily harm on another. The defendant may then prove that, even if he was so aware, he was justified in doing what he did to protect himself from being injured. Consequently, it is possible to commit second degree assault but not be held culpable because of self-defense. Self-defense, therefore, is an affirmative defense, not because it negates the knowledge element of second degree assault, but because it justifies the assault. *See State v. Atkinson, supra; State v. Bruce, supra.*[2]

 Acosta contends the trial court erred in not allowing defense counsel to impeach Polmateer by asking whether she had frequented taverns as a minor. We disagree. ER 608(b) states in part:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may

---

[2]Both *Atkinson* and *Bruce* concerned former RCW 9.11.020(3) which contained the following elements: (1) grievous bodily harm, (2) willfully inflicted upon another, (3) with or without a weapon. The change from "willfully" to "knowingly" does not lessen the authority of *Atkinson* and *Bruce*. *See* RCW 9A.08.010(4).

not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross–examination of the witness (1) concerning his character for truthfulness or untruthfulness, . . .

A criminal defendant is given extra latitude on cross examination to show motive or credibility, especially when the particular prosecution witness is essential to the State's case. *State v. York,* 28 Wn. App. 33, 621 P.2d 784 (1980). Any fact which goes to the trustworthiness of the witness may be elicited if it is germane to the issue. *York,* 28 Wn. App. at 36. Polmateer was 20 years old at trial and had been in taverns with Acosta on two prior occasions. Acosta's lawyer conceded that Polmateer's frequenting of taverns while under age was not probative of her truthfulness or untruthfulness. The lawyer also implied he had no evidence she lied about her age or forged identification to get into the taverns. Therefore, the fact Acosta sought to elicit was not germane to the issue of whether he assaulted Polmateer, and the court properly excluded it under ER 608.

Defense counsel, in the presence of his client, represented to the State and the court at the omnibus hearing that Acosta would offer an alibi defense. Instead, Acosta at trial attempted to rely on self–defense. He claims the trial court erred in permitting the State to cross–examine him at trial regarding his attorney's representations. We disagree.

CrR 4.5 and 4.7 require pretrial disclosure by both sides. CrR 4.7(b)(2)(xii) specifically requires a defendant to disclose whether he will rely on an alibi defense and subsection (xiv) specifically requires disclosure of the general nature of his defense. We held in *State v. Nelson,* 14 Wn. App. 658, 545 P.2d 36 (1975) that these rules do not contravene Fifth Amendment rights because they simply accelerate disclosure of what must ultimately come to light. *State v. Dault,* 19 Wn. App. 709, 578 P.2d 43 (1978), citing *Nelson,* held that statements by counsel pursuant to these rules, in the presence of his client, constitute "quasi-admissions" of the client admissible to discredit and

impeach the client's testimony. We reach the same result but would state the reasons somewhat differently. We agree with *Dault* that the defendant is, in these circumstances, charged with the representations of his attorney. We consider, then, that the prior representations are admissible as in the nature of prior inconsistent statements at least where, as here, there had been a change in the plan of defense after the representations were made but the defense had not notified the court or counsel.

Affirmed.

PETRIE and REED, JJ., concur.

Reconsideration denied May 10, 1983.

Review granted by Supreme Court July 19, 1983.