[No. 49621-8. En Banc. May 24, 1984.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID VELASQUEZ ACOSTA, *Petitioner.*

*William K. Thayer* and *Steven W. Thayer,* for petitioner.

*Arthur D. Curtis, Prosecuting Attorney,* and *Richard Melnick, Deputy,* for respondent.

WILLIAMS, C.J.—The issue in this case is whether, in a prosecution for second degree assault under RCW 9A.36-.020(1)(b), the State must disprove a defendant's claim of self–defense. The Court of Appeals held that the State need not do so, and affirmed petitioner's conviction. *State v.*

*Acosta,* 34 Wn. App. 387, 661 P.2d 602 (1983). We reverse the Court of Appeals and remand for a new trial.

Petitioner David Acosta met Kimberly Polmateer in a Portland bar on October 13, 1980. They later decided to drive to Vancouver in Polmateer's car. They parked in a dark alley and smoked some marijuana. Petitioner testified that while there he discovered that his wallet was missing, and accused Polmateer of taking it. He testified that when he threatened to go to the police she attacked him, scratching him and choking him with his tie. Polmateer's testimony contradicted petitioner's. She testified that petitioner attempted to rape and kill her and that she ran from the car to a nearby house. Although there were no other witnesses to the incident, several witnesses testified that when Polmateer arrived at the house she was in a hysterical state, beaten, bleeding, and unclothed from the waist down.

At his trial petitioner's attorney proposed a jury instruction which would have required the State to prove beyond a reasonable doubt that petitioner "was not acting in self–defense, or using lawful force as defined elsewhere in these instructions."[1] Clerk's Papers, at 37. The trial court refused to give this instruction, and instead used WPIC 35.12, which lists the statutory elements of second degree assault. In addition, the court instructed the jury that

It is a complete defense to the charge of second degree assault that the defendant acted in self–defense.

---

[1]Petitioner's requested instruction reads as follows:

"To convict David Acosta of the crime of assault in the second degree, each of the following elements of the crime must be proved beyond a reasonable doubt:

"1. That on or about the 14th day of October, 1980, the defendant knowingly inflicted grievous bodily harm upon Kimberly May Polmateer.

"2. That David Acosta was not acting in self defense, or using lawful force as defined elsewhere in these instructions.

"3. That the acts occurred in Clark County, Washington.

"If you find from the evidence that each and every one of the above elements have been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.

"On the other hand, if, after weighing all of the evidence, you have a reasonable doubt as to any one of the elements, then it will be your duty to return a verdict of not guilty." Clerk's Papers, at 37.

If you find from the evidence, and in accordance with these instructions that the defendant acted in self–defense, then it shall be your duty to return a verdict of not guilty.

Clerk's Papers, at 49. The trial court did not expressly inform the jury whether petitioner or the State bore the burden of proving or disproving self–defense. The jury found petitioner guilty.

## I
### THE BURDEN OF PROOF

The due process clause of the fourteenth amendment to the United States Constitution requires the State to prove beyond a reasonable doubt all facts necessary to constitute the crime charged. *Sandstrom v. Montana,* 442 U.S. 510, 61 L. Ed. 2d 39, 99 S. Ct. 2450 (1979); *In re Winship,* 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970). There are two ways to determine whether absence of self–defense is an element or ingredient of the crime which the State must prove: (1) the statute may reflect a legislative intent to treat absence of self–defense as an element of the crime; or (2) proof of self–defense may negate an element of the crime. *State v. McCullum,* 98 Wn.2d 484, 490, 656 P.2d 1064 (1983); *State v. Hanton,* 94 Wn.2d 129, 132, 614 P.2d 1280, *cert. denied,* 449 U.S. 1035, 66 L. Ed. 2d 497, 101 S. Ct. 611 (1980).

The Washington Criminal Code is silent on whether the State must prove that a defendant did not act in self–defense. However, as we noted in *State v. McCullum, supra* at 492, the Legislature has clearly provided that a defendant must prove certain defenses by a preponderance of the evidence. *See* RCW 9A.12.010 (insanity); RCW 9A.32-.030(1)(c), .050(1)(b) (felony murder); RCW 9A.40.030 (kidnapping); RCW 9A.44.030 (sexual offenses); RCW 9A.48.060 (reckless burning); and RCW 9A.76.100 (compounding a crime). The Legislature's silence on the burden of proof of self–defense, in contrast to its specificity on these other defenses, is a strong indication that the Legis-

lature did not intend to require a defendant to prove self-defense.

■ ■ Even if the Legislature did intend to require the defendant to prove self-defense, this requirement will withstand constitutional scrutiny only if we determine that self-defense does not negate an essential element of the crime. *McCullum,* at 494; *Hanton,* at 132. To do so we must analyze each element of the crime charged. *Hanton,* at 132. The defendant in this case was charged with and convicted of second degree assault, RCW 9A.36.020(1)(b). That statute provides that a person is guilty when he "[s]hall knowingly inflict grievous bodily harm". Because "knowingly" is expressly made an element of second degree assault, the prosecution must prove knowledge beyond a reasonable doubt. Knowledge is defined in RCW 9A.08.010, which provides in relevant part:

> (b) *Knowledge.* A person knows or acts knowingly or with knowledge when:
> (i) he is aware of a fact, facts, or circumstances or result *described by a statute defining an offense;* . . .

(Italics ours.)

Self-defense is defined by statute as a lawful act. *See* RCW 9A.16.020(3). It is therefore impossible for one who acts in self-defense to be aware of facts or circumstances "described by a statute defining an offense". RCW 9A.08-.010(1)(b)(i). This is just another way of stating that proof of self-defense negates the knowledge element of second degree assault. Since proof of self-defense negates knowledge, due process and our prior cases require us to hold that the State must disprove self-defense in order to prove that the defendant acted unlawfully.[2]

---

[2]We note that a clear majority of other state courts also hold that if evidence of self-defense is presented, the prosecution must prove beyond a reasonable doubt that the defendant did not act in self-defense. *See, e.g., Ex parte Johnson,* 433 So. 2d 479 (Ala. 1983); *Thomas v. State,* 266 Ark. 162, 583 S.W.2d 32 (1979); *State v. Bobbitt,* 420 So. 2d 362 (Fla. Dist. Ct. App. 1982); *Henderson v. State,* 234 Ga. 827, 218 S.E.2d 612 (1975); *State v. McNulty,* 60 Hawaii 259, 588 P.2d 438 (1978); *People v. Williams,* 57 Ill. 2d 239, 311 N.E.2d 681 (1974); *Berry v. State,* 268 Ind. 432, 376 N.E.2d 808 (1978); *State v. Cruse,* 228 N.W.2d 28 (Iowa

We reached a similar result in *McCullum*. The issue in *McCullum* was whether the State in a first degree murder case must disprove self–defense when the issue is properly raised. There we noted that the statutory definition of intent requires that the defendant act "with the objective or purpose to accomplish a result which constitutes a crime", RCW 9A.08.010(1)(a), that is, that the defendant act "unlawfully". *See McCullum*, at 495. Since a person acting in self–defense acts lawfully, we held that self–defense negates intent, and that the State therefore must disprove self–defense when the issue is properly raised.

Similarly, in *Hanton*, we held that evidence of self–defense negated the element of "recklessness" in the first degree manslaughter statute, RCW 9A.32.060(1)(a). There we focused upon the requirement of wrongful action in the definition of recklessness. RCW 9A.08.010(1)(c) provides:

> (c) *Recklessness*. A person is reckless or acts recklessly when he knows of and disregards a substantial risk that a wrongful act may occur . . .

We held in *Hanton*, at page 133:

---

1975); *State v. Sharp*, 338 So. 2d 654 (La. 1976); *State v. O'Brien*, 434 A.2d 9 (Me. 1981); *Wright v. State*, 29 Md. App. 57, 349 A.2d 391 (1975); *Commonwealth v. Zezima*, 387 Mass. 748, 443 N.E.2d 1282 (1982); *People v. Jackson*, 390 Mich. 621, 212 N.W.2d 918 (1973); *State v. Austin*, 332 N.W.2d 21 (Minn. 1983); *Sloan v. State*, 368 So. 2d 228 (Miss. 1979); *State v. McGowan*, 621 S.W.2d 557 (Mo. Ct. App. 1981); *State v. Archbold*, 178 Neb. 433, 133 N.W.2d 601 (1965); *State v. Edwards*, 97 N.M. 141, 637 P.2d 572 (Ct. App. 1981); *State v. Boone*, 299 N.C. 681, 263 S.E.2d 758 (1980); *Commonwealth v. Upsher*, 497 Pa. 621, 444 A.2d 90 (1982); *State v. Baker*, ___ R.I. ___, 417 A.2d 906 (1980); *Luck v. State*, 588 S.W.2d 371 (Tex. Crim. App. 1979).

The dissenting opinion's citations to federal decisions imply that some federal courts require the defendant to prove self–defense. Ever since the United States Supreme Court's decision in *Davis v. United States*, 165 U.S. 373, 41 L. Ed. 750, 17 S. Ct. 360 (1897), however, federal prosecutors have borne the burden of proof on insanity and self–defense. *See, e.g., Frank v. United States*, 42 F.2d 623, 629 (9th Cir. 1930). The federal cases cited by the dissent are cases in which the federal court applied state laws that differed markedly from Washington's. *See, e.g., Thomas v. Arn*, 704 F.2d 865 (6th Cir. 1983) (interpreting an Ohio statute that does not include unlawfulness in its definition of "knowledge"); *Carter v. Jago*, 637 F.2d 449 (6th Cir. 1980) (interpreting the same statute); *Frazier v. Weatherholtz*, 572 F.2d 994 (4th Cir. 1978) (applying Virginia law, which requires the defendant to bring forth sufficient evidence to create a reasonable doubt).

There can be no recklessness without disregard of risk of a wrongful act, and self–defense, as defined, is not "wrongful."

Given our decisions in *McCullum* and *Hanton,* consistency dictates that the State bear the burden of disproving self–defense where the applicable mental state is knowledge. RCW 9A.08.010 establishes a hierarchy of culpable mental states, ranging from intent to criminal negligence. Proof of a higher mental state is necessarily proof of a lower mental state. RCW 9A.08.010(2). We believe that we are required to treat the effect of self–defense on each mental state in a consistent manner. Consider a case in which the defendant is charged with a crime requiring proof of intent and in which the jury was instructed on one lesser offense requiring proof of knowledge and another requiring proof of recklessness. Were we to hold that the defendant bore the burden of proof in knowledge crimes, the jury instruction on the burden of proof would be unbearably complicated, with the burden shifting from the State, to the defendant, and back again.

Finally, our holding today is consistent with the long–standing rule in Washington that a criminal assault requires unlawful force. *See Howell v. Winters,* 58 Wash. 436, 108 P. 1077 (1910) (civil assault); *Peasley v. Puget Sound Tug & Barge Co.,* 13 Wn.2d 485, 125 P.2d 681 (1942) (civil assault); *State v. Rush,* 14 Wn.2d 138, 127 P.2d 411 (1942); *State v. Stewart,* 73 Wn.2d 701, 440 P.2d 815 (1968). In *Rush,* the court noted that the statute on second degree assault prohibited willful "assault", but that the statute did not define "assault". In the absence of a statutory definition the court resorted to the common law rule reflected in *Howell* and *Peasley* and stated: "We are committed to the rule that an assault is an attempt, *with unlawful force,* to inflict bodily injury upon another . . ." (Italics ours.) *Rush,* at 139. If we were to hold that the defendant bore the burden of proving self–defense, we would be relieving the State of its obligation to prove that the defendant's use of force was unlawful. Therefore, con-

sistent with our prior cases, we hold that in a second degree assault prosecution the State must disprove self–defense beyond a reasonable doubt. *State v. LeBlanc,* 34 Wn. App. 306, 660 P.2d 1142, *review denied,* 100 Wn.2d 1021 (1983).

## II
### JURY INSTRUCTIONS

The next issue is whether the trial court erred in failing to inform the jury that the State bears the burden of disproving self–defense. In *State v. McCullum, supra,* we stated that when some evidence of self–defense is presented, the jury "should be instructed that the State bears the burden of proving the absence of self–defense beyond a reasonable doubt." *McCullum,* at 500. Our discussion of jury instructions in *McCullum* has caused some disagreement and confusion in the Court of Appeals; the principal area of disagreement is whether the "rule" in *McCullum* is retroactive, that is, whether it applies to cases tried before *McCullum* was decided. *See, e.g., State v. Takacs,* 35 Wn. App. 914, 671 P.2d 263 (1983) (Division One) (discussion of jury instructions in *McCullum* prospective only; one judge dissenting); *State v. Mercer,* 34 Wn. App. 654, 663 P.2d 857 (1983) (Division One) (discussion of jury instructions in *McCullum* prospective only); *State v. Heath,* 35 Wn. App. 269, 666 P.2d 922 (1983) (Division Three) (discussion of jury instructions in *McCullum* not prospective only); *State v. LeBlanc,* 34 Wn. App. 306, 660 P.2d 1142 (1983) (Division Three) (discussion of jury instructions in *McCullum* not prospective only). We take this opportunity to clarify what was said in *McCullum.* To do so it is necessary to review the cases decided before *McCullum* that discussed the need for and the content of jury instructions regarding the burden of proof of self–defense.

In *State v. Roberts,* 88 Wn.2d 337, 562 P.2d 1259 (1977), this court reversed the petitioner's conviction for reasons not relevant to this opinion. The court discussed in detail, however, what jury instructions should be given at the petitioner's trial on remand. We stated that when evidence

of self–defense is presented, the jury should be "simply informed that the State has the burden to prove absence of self–defense beyond a reasonable doubt." *Roberts,* at 346. The opinion did not state whether failure to so instruct would be reversible error; it merely stated that the instructions "should be" given on remand.

In *State v. King,* 92 Wn.2d 541, 599 P.2d 522 (1979), the issue was whether the failure to instruct specifically on the burden of proof of self–defense was reversible error. The trial court had instructed the jury that to convict the petitioner, it must find beyond a reasonable doubt that the killing was not "*either excusable or justifiable*". *King,* at 544. The court also had instructed that a killing done in self–defense was justifiable. *King,* at 544. This court held that these instructions, when read together, adequately allocated the burden of proof to the State; under these circumstances a specific instruction allocating the burden was unnecessary. *See King,* at 546.

We employed a similar analysis in *State v. Hanton,* 94 Wn.2d 129, 614 P.2d 1280, *cert. denied,* 449 U.S. 1035, 66 L. Ed. 2d 497, 101 S. Ct. 611 (1980). There we reversed petitioner's conviction because the trial court had instructed the jury that the defendant bore some burden of proving self–defense. *Hanton,* at 131. We also stated that on remand, the trial court need not give a separate instruction specifically informing the jury that the State bore the burden of proof on self–defense. *Hanton,* at 134. We reasoned that the jury could infer from the definitions of recklessness and self–defense that the burden of disproving self–defense was on the State.

Finally, in *State v. Savage,* 94 Wn.2d 569, 618 P.2d 82 (1980), we again considered whether failure to instruct specifically on the burden of proof constituted reversible error. In *Savage,* as in *King,* the jury was instructed that to find the petitioner guilty of second degree murder, it must find that the killing was not justifiable or excusable. *Savage,* at 581. The jury was also instructed that a killing done in self–defense was justifiable. As in *King,* we held that under

these circumstances the failure to allocate specifically the burden of proof was not error. The analysis in *Savage* differed slightly from *King,* however. Whereas in *King* we said that the instructions did allocate the burden to the State, in *Savage* we said that the instructions "allowed the defendant to argue to the jury that the State bore the burden of proving absence of self–defense." *Compare Savage,* at 582, *with King,* at 546.

We reconsidered these cases in *State v. McCullum,* 98 Wn.2d 484, 656 P.2d 1064 (1983). There we gave guidelines to be used by the trial court on petitioner McCullum's new trial and by other courts in "future cases". *McCullum,* at 498. We stated that failure to give an instruction that expressly allocates the burden of proof to the State will not necessarily be reversible error, but that giving such an instruction would be "preferable in order to avoid any confusion by the jury on burdens of proof." (Citation omitted.) *McCullum,* at 499. We relied primarily on *United States v. Corrigan,* 548 F.2d 879 (10th Cir. 1977). In that case the court stated:

> [T]he importance of avoiding any confusion concerning the burden of proof on [self–defense] is apparent. The inclusion of a specific statement of the burden of proof in the defense instruction is preferable. Its omission, however, is not reversible error *per se. The question is whether the instructions, taken as a whole, adequately informed the jury that prosecution's burden of proof beyond a reasonable doubt applied to defendant's [self– defense claim].*

(Italics ours.) *Corrigan,* at 882. This is what was meant in *McCullum*; a specific instruction is preferable, but failure to provide one is not reversible *per se* so long as the instructions, taken as a whole, make it clear that the State has the burden. We adhere to this reasoning. The jury should be informed in some unambiguous way that the State must prove absence of self–defense beyond a reasonable doubt. The defendant is entitled to a correct statement of the law, and should not be forced "*to argue* to the jury that the State [bears] the burden of proving absence of

self–defense." (Italics ours.) *Savage,* at 582. Rather, the defense attorney is only required to argue to the jury that the facts fit the law; the attorney should not have to convince the jury what the law is. Thus, contrary to what was said in *Hanton,* we now believe that the better practice is simply to give a separate instruction clearly informing the jury that the State has the burden of proving the absence of self–defense beyond a reasonable doubt. *See Roberts,* at 346.

From the above discussion it should be clear that *McCullum* was not intended to be a decision in which retroactivity was at issue. The question in each case is whether the trial court committed error in its instructions to the jury. In resolving this question, the test is whether the jury was informed, or could understand from the instructions as a whole, that the State bears the burden of proof on self–defense. In this respect *McCullum* is not a drastic departure from *King* or *Hanton.* The real import of *McCullum* was to express our strong preference for clear and unambiguous instructions on the burden of proof, so that the issue of the adequacy of instructions would arise less frequently.

With the above analysis in mind we turn to the instructions in this case. As noted above, the trial court instructed that "to convict" the defendant, the jury must find (1) that the defendant "knowingly assaulted" the victim; (2) that the acts occurred in Clark County; and either (3) that the assault was committed with intent to rape, or (4) that the defendant "knowingly inflicted grievous bodily harm". Clerk's Papers, at 49. The court further instructed the jury that the State must prove beyond a reasonable doubt elements 1 and 2, and either element 3 or 4. Immediately following this, the court instructed:

> It is a complete defense to the charge of second degree assault that the defendant acted in self–defense.
> If you find from the evidence, and in accordance with these instructions that the defendant acted in self–

defense, then it shall be your duty to return a verdict of not guilty.

Clerk's Papers, at 49.

We believe that these instructions, when read together, did not adequately inform the jury that the State must prove absence of self–defense. Unlike *Hanton, King,* and *Savage,* the jury was not told in the "to convict" instruction that the force used must be unlawful, wrongful, or without justification or excuse. In addition, from the placement of the self–defense instruction immediately *after* the instruction listing the elements that must be proved by the State, the jury could have believed by negative inference that the State had no burden with respect to self–defense.

Other state courts have reached similar conclusions. In *State v. McNulty,* 60 Hawaii 259, 264, 588 P.2d 438 (1978), the court stated:

> In failing to specifically allocate the burden of disproving self–defense to the state, the instructions could have permitted the jury to believe that the appellant, having raised the issue of justification, was obligated to prove it.

The Supreme Judicial Court of Massachusetts similarly held an instruction informing the jury that it must convict the defendant, "[u]nless you find" that the defendant acted in self–defense, affirmatively placed the burden of proof on the defendant. *Connolly v. Commonwealth,* 377 Mass. 527, 387 N.E.2d 519, 523 (1979). *See also Berrier v. Egeler,* 583 F.2d 515, 517 (6th Cir.), *cert. denied,* 439 U.S. 955, 58 L. Ed. 2d 347, 99 S. Ct. 354 (1978) (failure to allocate burden to the State "implies that the defendant must prove his claim of self–defense"); *State v. Torres,* 619 P.2d 694, 695 (Utah 1980) (failure to instruct "that the defendant need not prove his defense" is reversible error).

A reasonable juror could have mistakenly believed that the State need not disprove self–defense, and that the defendant bore some burden of proof on this issue. The trial court's failure to inform the jury of the State's burden was therefore error.

■ It remains to be determined whether the error was harmless. As we noted in *State v. Johnson,* 100 Wn.2d 607, 674 P.2d 145 (1983), the United States Supreme Court has not decided whether instructional errors of the sort here can ever be considered harmless. *See Connecticut v. Johnson,* 460 U.S. 73, 74 L. Ed. 2d 823, 103 S. Ct. 969 (1983) (four Justices concluding that error is harmless only when element of crime is not disputed; four Justices concluding that error may be harmless under the overwhelming evidence test). In *State v. Johnson, supra,* we also noted that this court and the United States Supreme Court "have vacillated between two alternative approaches: (1) constitutional error is harmless only if it can be said beyond a reasonable doubt that it did not contribute to the verdict (hereinafter 'contribution test'); and (2) constitutional error is harmless whenever it can be said beyond a reasonable doubt that the evidence not tainted by the error is so overwhelming that it *necessarily* leads to a finding of guilt (hereinafter 'overwhelming evidence test')." *Johnson,* at 621. We declined to choose between these two approaches in *Johnson* because we found the errors harmless under either test.

In this case, we also decline to choose between the contribution test and the overwhelming evidence test, because under either test the error cannot be considered harmless. The jury could have believed the defendant had to persuade them that he acted in self–defense. We cannot say beyond a reasonable doubt that this confusion did not "contribute" to the jury's verdict. Similarly, we cannot say beyond a reasonable doubt that, absent the erroneous instruction, the jury would necessarily have returned a guilty verdict. The crucial issue in this case was self–defense. Both the State and the defense presented some evidence to support their version of the events in question. Although petitioner's self–defense claim may appear doubtful in this case, this court will not substitute its judgment for that of the jury on factual matters. We therefore cannot say that the instructional error was harmless beyond

a reasonable doubt.

We reverse petitioner's conviction and remand for a new trial. On remand the jury should be instructed on the definition and elements of self–defense. The jury then should be instructed that the State bears the burden of proving the absence of self–defense beyond a reasonable doubt. Finally, since we hold that self–defense is inconsistent with one of the statutory elements of assault, the jury should be instructed that the State sustains its burden if it proves beyond a reasonable doubt each of the elements of the crime as defined by the statute. *State v. McCullum,* 98 Wn.2d 484, 500–01, 656 P.2d 1064 (1983).

ROSELLINI, STAFFORD, UTTER, and PEARSON, JJ., concur.

DOLLIVER, J. (dissenting)—Because I find self–defense does not negate the mental state element of knowledge required by the second degree assault statute, RCW 9A.36-.020(1)(b), nor does the statute define absence of self–defense as an element of the offense, I dissent.

Whether the State or the defendant bears the burden of proving self–defense is a reoccurring issue in Washington, as well as throughout the nation. *See State v. McCullum,* 98 Wn.2d 484, 656 P.2d 1064 (1983); *State v. Savage,* 94 Wn.2d 569, 618 P.2d 82 (1980); *State v. Hanton,* 94 Wn.2d 129, 614 P.2d 1280, *cert. denied,* 449 U.S. 1035 (1980); *State v. King,* 92 Wn.2d 541, 599 P.2d 522 (1979); *State v. Roberts,* 88 Wn.2d 337, 562 P.2d 1259 (1977). While a number of jurisdictions place the burden of proof on the State, see majority opinion, at 616 n.2, others have taken a contrary position: *Thomas v. Arn,* 704 F.2d 865 (6th Cir. 1983); *Carter v. Jago,* 637 F.2d 449 (6th Cir. 1980); *Baker v. Muncy,* 619 F.2d 327 (4th Cir. 1980); *Frazier v. Weatherholtz,* 572 F.2d 994 (4th Cir. 1978); *Thomas v. Leeke,* 547 F. Supp. 612 (D.S.C. 1982); *State v. Winter,* 109 Ariz. 505, 513 P.2d 934 (1973); *Richards v. State,* 152 Ga. App. 201, 262 S.E.2d 469 (1979); *State v. Sunday,* 187 Mont. 292, 609 P.2d 1188 (1980); *State v. Fischer,* 183 N.J. Super. 79, 443

A.2d 249 (1981); *McCullough v. State,* 520 P.2d 820 (Okla. Crim. App. 1974); *State v. Finley,* 277 S.C. 548, 290 S.E.2d 808 (1982); *McGhee v. Commonwealth,* 219 Va. 560, 248 S.E.2d 808 (1978); *State v. Belcher,* 245 S.E.2d 161 (W. Va. 1978). *See generally* Annot., *Homicide: Modern Status of Rules as to Burden and Quantum of Proof To Show Self–Defense,* 43 A.L.R.3d 221 (1972 & Supp. 1983).

Recent pronouncements from the United States Supreme Court indicate states are free to determine burden of proof rules so long as the state is required to prove every element of an offense beyond a reasonable doubt. *Engle v. Isaac,* 456 U.S. 107, 120, 71 L. Ed. 2d 783, 102 S. Ct. 1558 (1982); *Patterson v. New York,* 432 U.S. 197, 201, 215, 53 L. Ed. 2d 281, 97 S. Ct. 2319 (1977). "Proof of the nonexistence of all affirmative defenses has never been constitutionally required". *Patterson v. New York, supra* at 210; whether self–defense is an element of a crime and must be negated by the prosecution "may depend, at least in part, on the manner in which the State defines the charged crime." *Engle v. Isaac, supra* at 120.

Self–defense under the common law has traditionally been considered to be an affirmative defense which the defendant had the burden to prove. *Patterson v. New York, supra* at 211. *See* LaFond, *The Case for Liberalizing the Use of Deadly Force in Self–Defense,* 6 U. Puget Sound L. Rev. 237, 255 (1983); Note, *Burdens of Persuasion in Criminal Proceedings: The Reasonable Doubt Standard After Patterson v. New York,* 31 U. Fla. L. Rev. 385, 389 (1979). Self–defense does not cancel out the existence of some required element of the crime nor does it negate any element of the crime. W. LaFave & A. Scott, *Criminal Law* 46–47 (1972). Instead, self–defense is a justification which bars the imposition of criminal liability. Thus, defendants need not argue they lack the requisite mental state of culpability or that the "victim" is harmed other than as a result of their actions. Rather, the defendant will claim "the existence of circumstances which, in the eyes of the law, make the killing a justifiable one on policy grounds."

W. LaFave & A. Scott, *supra* at 48–49.

Self–defense under RCW 9A.16.020(3) is defined as:

> The use, attempt, or offer to use force upon or toward the person of another is not unlawful in the following cases:
>
> . . .
>
> (3) Whenever used by a party about to be injured . . . in preventing or attempting to prevent an offense against his person . . . in case the force is not more than is necessary[.]

Acosta was convicted under the second degree assault statute, RCW 9A.36.020(1)(b), which provides:

> Every person who, under circumstances not amounting to assault in the first degree shall be guilty of assault in the second degree when he: . . .
>
> (b) Shall *knowingly* inflict grievous bodily harm upon another with or without a weapon . . .

(Italics mine.)

The jury was instructed as to the element of knowledge by the following instruction:

> A person knows or acts knowingly or with knowledge when:
>
> (1) he or she is aware of a fact, facts or circumstances or result described by law as being a crime; or
>
> (2) he or she has information which would lead a reasonable person in the same situation to believe that facts exist which facts are described by law as being a crime.
>
> Acting knowingly or with knowledge also is established if a person acts intentionally.

*See* RCW 9A.08.010(1)(b).

To ascertain whether the absence of self–defense is an element of second degree assault it must be determined whether (1) the statute reflects a legislative intent to treat absence of a defense as one of the elements of the offense charged, or (2) one or more elements of the defense negates one or more elements of the offense. *State v. McCullum, supra* at 490.

The Washington Legislature in drafting and adopting its new criminal code, Laws of 1975, 1st Ex. Sess., ch. 260, intended self–defense to justify criminal activity, not to

negate an essential element of a crime. The Legislature's silence on the burden of proof of self–defense, WPIC, Introd. to Pt. 4 *Defenses,* 11 Wash. Prac. at 100 (1977), evidences an intent not to add another element to second degree assault. Moreover, the placement of the "crimes" and "defenses" in separate code sections indicates a legislative objective to distinguish these definitions. With the absence of a legislative intent in the statute the next question is whether a finding of self–defense negates any element of the crime.

Prior to *McCullum,* all three divisions of the Court of Appeals agreed self–defense did not negate an element of a crime. *See State v. Takacs,* 31 Wn. App. 868, 874, 645 P.2d 1109 (1982) (Division One), *remanded,* 99 Wn.2d 1010, *aff'd,* 35 Wn. App. 914, 671 P.2d 263 (1983); *State v. Acosta,* 34 Wn. App. 387, 388–89, 661 P.2d 602 (1983) (Division Two); *State v. Strand,* 20 Wn. App. 768, 778, 582 P.2d 874 (Division Three), *review denied,* 91 Wn.2d 1005 (1978). *But see State v. LeBlanc,* 34 Wn. App. 306, 660 P.2d 1142 (Division Three), *review denied,* 100 Wn.2d 1021 (1983).

In *Takacs* the court reasoned that simply because a person acts in self–defense does not mean that same person cannot be acting with the requisite knowledge.

> The State is not required to prove that the defendant knew he was committing the crime of assault in the second degree; rather, the State is required to prove that the defendant knew he was inflicting grievous bodily harm, which is described by law as being a crime. In a prosecution for assault in the second degree, the accused is not put into the position of disproving the element of knowledge by showing that he or she was acting in self–defense. Therefore, proof of self–defense does not negate the mental state element in assault in the second degree, and due process does not require the State to bear the burden of proving the absence of self–defense beyond a reasonable doubt.

*State v. Takacs,* 31 Wn. App. at 874, *modified,* 35 Wn.

App. at 919. In *Strand* the court adopted the language and reasoning of *State v. Bruce,* 19 Wn. App. 392, 393–95, 576 P.2d 1324 (1978). Both courts found

> the instruction on self–defense does not shift the burden to the defendant to disprove any fact essential to second–degree assault because the defense of self–defense bears no direct relationship to any element of second–degree assault.

*State v. Strand, supra* at 778 (quoting *State v. Bruce,* 19 Wn. App. at 395). *See also* WPIC 17.02, 11 Wash. Prac. at 41 (Supp. 1982).

The Court of Appeals in *State v. Acosta,* 34 Wn. App. 387, 661 P.2d 602 (1983) relied on the fact that self–defense "is an affirmative defense, not because it negates the knowledge element of second degree assault, but because it justifies the assault." *State v. Acosta, supra* at 390. I believe this reasoning is not only highly persuasive but a better statement of the law than that propounded by the majority.

Furthermore, the reasoning and result of *McCullum* are not apposite to this case. While proof of self–defense negates "premeditated" intent, this is not true for the element of knowledge. To act with knowledge a person must only be *aware* a particular result is practically certain to follow from one's conduct. Any *intention* as to the result is irrelevant. *United States v. Bailey,* 444 U.S. 394, 62 L. Ed. 2d 575, 100 S. Ct. 624 (1980); *United States v. United States Gypsum Co.,* 438 U.S. 422, 445, 57 L. Ed. 2d 854, 98 S. Ct. 2864 (1978).

The "result" that follows under the second degree assault statute is "grievous bodily harm upon another". There is no requirement that the person *intend* the result described by the statute defining the offense as is required by the first degree murder statute, RCW 9A.32.030(1)(a). To be *aware* of the result is enough. Thus, the claim of self–defense does not negate the knowledge element of the crime. Consequently, it is possible to commit second degree assault and

have the requisite element of "knowledge", but not be held culpable because of self–defense, *State v. Acosta, supra* at 390. *See State v. Takacs, supra* at 874; *State v. Strand, supra* at 778; *State v. Atkinson,* 19 Wn. App. 107, 115, 575 P.2d 240 (1978). While defendants may prove "justification" for their actions under RCW 9A.16, here Acosta, although able to produce evidence of self–defense, was not able to convince the jury his actions were justifiable. The record substantiates the position of the jury. Since evidence of self–defense does not negate knowledge, the State does not bear the burden of proving the absence of self–defense in a second degree assault charge.

In *McCullum* we modified existing case law and stated that once the issue of self–defense is properly raised "[t]he jury then should be instructed that the State bears the burden of proving the absence of self–defense beyond a reasonable doubt." *State v. McCullum, supra* at 500. This rule is applicable in first degree murder cases where we have held self–defense negates an element of the crime. It is not applicable where, as in this case, self–defense does not negate an element of the crime. In these circumstances I would hold the trial court need not instruct on the burden of proof for self–defense so long as the theory of the case can be fully argued by the defendant. *See State v. Savage,* 94 Wn.2d 569, 582, 618 P.2d 82 (1980). "If sufficient evidence is presented to raise an issue of self–defense, the court need only instruct on it without allocating the burden of proof." *State v. McCullum, supra* at 506 (Dimmick, J., dissenting).

Acosta was able to present fully his self–defense theory to the jury. The jury was fully instructed as to the elements of the crime and that self–defense was a "complete defense". The failure of Acosta's defense to convince the jury he acted in self–defense resulted in his conviction. The denial of a jury instruction requiring the State to prove the absence of self–defense had no prejudicial effect on the

outcome of the case.

BRACHTENBACH, DORE, and DIMMICK, JJ., concur with DOLLIVER, J.