# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| CITY OF TACOMA, | No. 48792-6-II |
| Respondent, | |
| v. | |
| CHEVALIER LEE, | UNPUBLISHED OPINION |
| Petitioner. | |

MELNICK, J. — We granted discretionary review to decide if the trial court violated Chevalier Lee's Sixth Amendment right to present a defense by excluding evidence of self-defense. Because the trial court erred, we reverse his conviction for assault in the fourth degree.[1]

## FACTS

On January 25, 2015, Lee's girlfriend, Danielle Spicer, visited the home of Alice Gonzalez and her husband, Louis Gonzalez Hernandez. Spicer went to the Gonzalez's house and stayed there with Gonzalez and Gonzalez Hernandez's' five children while Gonzalez and Gonzalez Hernandez ran errands. Gonzalez and Gonzalez Hernandez returned home to find Lee at their house playing cards with their children and Spicer. Although they had not invited him, Lee had been to their home many times and was generally welcome there.

---

[1] Based on this resolution, we do not address Lee's other arguments. We do, however, caution the City that if the case is retried, to be aware not to violate or comment on Lee's right to remain silent.

Later that evening, Lee and Spicer began arguing about whether they would spend the night with Gonzalez and Gonzalez Hernandez or return to their respective individual residences. Lee loudly cursed at Spicer as the argument escalated. Gonzalez Hernandez told Lee that he did not like "that kind of behavior" in his house and Lee would have to leave. 2 Report of Proceedings (RP) at 31. Lee refused and said that he didn't have to leave. Gonzalez Hernandez told Lee to leave approximately three-to-five times.

According to Lee, he then cursed at Gonzalez Hernandez who "came right at" him. 2 RP at 79. Gonzalez Hernandez had his hands up. Lee was scared and hit Gonzalez Hernandez. The two men then wrestled. Lee left after seeing the scared looks Gonzalez, Spicer, and the children had.

According to Gonzalez Hernandez, Lee called him a "f**king b***h" and hit him in the face. 2 RP at 32. Another witness saw Lee approach Gonzalez Hernandez and get within inches of his face. Gonzalez Hernandez again told Lee to leave and Lee "swung at him." 2 RP at 16. After they fought for a few minutes, Gonzalez called 911 and Lee and Spicer left.

At trial, the defense sought to elicit testimony from Spicer that she and Lee had witnessed Gonzalez Hernandez being "physical with his wife" in a separate incident four days prior to the assault. 2 RP at 62. Lee's attorney argued that this evidence would show that Lee had actual knowledge that "Mr. Gonzalez [Hernandez] actually had the capacity to be aggressive and/or violent." 2 RP at 63. It would show Lee's state of mind regarding his need to defend himself. The judge sustained the City's objection, finding the evidence was "more prejudicial than

2

probative" and that allowing such evidence would open the door to evidence about Lee's prior misconduct.[2]  2 RP at 64.

The defense suggested it would then elicit testimony that Lee "had prior information that Mr. Gonzalez [Hernandez] had been known to be aggressive." 2 RP at 65.  The trial court sustained the City's objection to this evidence, finding it "more prejudicial than probative of anything."  2 RP at 65.

In fact, during Lee's testimony, Lee stated that he "had reason to be scared of [Gonzalez Hernandez] already," to which the City objected and the court sustained.  2 RP at 80.  Neither the City nor the court stated any specific grounds for this objection or ruling.

A jury found Lee guilty.  He appealed to the Pierce County Superior Court which affirmed the conviction.  We then granted Lee's motion for discretionary review[3].

ANALYSIS

I        RIGHT TO PRESENT A DEFENSE

Lee argues that the trial court deprived him of his Sixth Amendment right to present a defense when it excluded evidence that Lee had seen Gonzalez Hernandez get into a physical domestic dispute with his wife four days before the conflict.  He argues that self-defense was the cornerstone of his defense and his knowledge of Gonzalez Hernandez's violent tendencies went directly to the existence of his subjective belief that self-defense was necessary as well as the objective reasonableness of that belief.

---

[2] The record is unclear what specific prior misconduct the trial court referenced.  Not all prior misconduct is relevant or admissible.

[3] We review a municipal court's decision according to the standards in RALJ 9.1.  *City of Seattle v. May*, 151 Wn. App. 694, 697, 213 P.3d 945 (2009), *aff'd*, 171 Wn.2d 847, 256 P.3d 1161 (2011).

A.  STANDARD OF REVIEW[4]

"We review the trial court's evidentiary rulings for abuse of discretion and defer to those rulings unless "'no reasonable person would take the view adopted by the trial court.'"" *State v. Clark*, 187 Wn.2d 641, 648-49, 389 P.3d 462, 466 (2017) (quoting *State v. Atsbeha*, 142 Wn.2d 904, 914, 16 P.3d 626 (2001) (quoting *State v. Ellis*, 136 Wn.2d 498, 504, 963 P.2d 843 (1998)). If the court excludes relevant defense evidence, we determine as a matter of law whether the exclusion violated the constitutional right to present a defense. *Clark*, 187 Wn.2d at 648-49.

If the court finds an "evidentiary error which is not of constitutional magnitude," it should reverse only if the error "materially affected the outcome of the trial." *State v. Halstien*, 122 Wn.2d 109, 127, 857 P.2d 270 (1993). Constitutional error, however, should be upheld "only if [the court is] convinced beyond a reasonable doubt that any reasonable jury would have reached the same result without the error." *State v. Smith*, 148 Wn.2d 122, 139, 59 P.3d 74 (2002).

B.  SELF-DEFENSE

Self-defense is a complete defense. RCW 9A.16.020. The City has the burden of proving the absence of self-defense beyond a reasonable doubt. *State v.* Acosta, 101 Wn.2d 612, 619, 683 P.2d 1069 (1984). A defense of self-defense requires proof (1) that the defendant had a subjective fear of imminent danger of bodily harm, (2) that this belief was objectively reasonable, and (3) that the defendant exercised no more force than was reasonably necessary. *State v. Werner*, 170 Wn.2d 333, 337, 241 P.3d 410 (2010); RCW 9A.16.020.

---

[4] The parties disagree about the standard of review we should employ. The City argues we should review for an abuse of discretion because the issue involves the exclusion of evidence. Lee argues we should review de novo because he is alleging a Sixth Amendment violation of his right to present a defense. We conduct a de novo review but would also arrive at the same result if we employed an abuse of discretion standard.

Evidence of self-defense is evaluated from the standpoint of the reasonably prudent person, knowing all the defendant knows and seeing all the defendant sees. This standard incorporates both objective and subjective elements. The subjective portion requires the jury to stand in the shoes of the defendant and consider all the facts and circumstances known to him or her; the objective portion requires the jury to use this information to determine what a reasonably prudent person similarly situated would have done.

*State v. Walden*, 131 Wn.2d 469, 474, 932 P.2d 1237 (1997) (quotations omitted) (citations omitted).

A factfinder evaluates self-defense from the defendant's point of view as conditions appeared to him at the time of the act. *State v. Allery*, 101 Wn.2d 591, 594, 682 P.2d 312 (1984). For the subjective portion of the test, jurors must place themselves in the shoes of the defendant and evaluate self-defense in light of all that the defendant knew at the time. *Allery*, 101 Wn.2d at 594. All facts and circumstances known to the defendant should be placed before the jury. *State v. Wanrow*, 88 Wn.2d 221, 235-36, 559 P.2d 548 (1977). Thus, where a defendant claims self-defense, a victim's prior acts of violence known to the defendant are admissible to establish a defendant's reason for apprehension and his basis for acting in self-defense. *State v. Martin*, 169 Wn. App. 620, 629, 281 P.3d 315 (2012); ER 404(b); ER 405(b)

C.     ADMISSIBILITY OF EVIDENCE

Lee argues that evidence he had witnessed Gonzalez Hernandez's recent violent behavior was critical to his defense because it both increased the likelihood he had a subjective fear of Gonzalez Hernandez and it made his fear more objectively reasonable, thus strengthening his self-defense argument. We agree.

Evidence Rule (ER) 404 generally prohibits evidence of a person's past crimes, wrongs, or acts to prove that person's character when admitted to show the person acted in conformity with that character. However, it does allow for admissibility of such specific acts for purposes other than demonstrating action in conformity with character, including "motive, opportunity, intent,

5

preparation, plan, knowledge, identity, or absence of mistake or accident." ER 404(b). To determine whether a specific act should be admissible under rule 404(b), the trial court must "'(1) find by a preponderance of the evidence that the misconduct occurred, (2) identify the purpose for which the evidence is sought to be introduced, (3) determine whether the evidence is relevant to prove an element of the crime charged, and (4) weigh the probative value against the prejudicial effect.'" *State v. Foxhoven*, 161 Wn.2d 168, 175, 163 P.3d 786 (2007) (quoting *State v. Thang*, 145 Wn.2d 630, 642, 41 P.3d 1159 (2002)). The trial court is required to conduct an ER 404(b) analysis on the record. *Foxhoven*, 161 Wn.2d at 175.

In this case, Lee sought to admit evidence of Gonzalez Hernandez's prior acts of violence to prove that Lee had knowledge of those acts, giving him reason to fear Gonzalez Hernandez. Knowledge is one of the specific alternative purposes for which evidence of prior acts can be admissible under rule 404(b). In addition, ER 405(b) allows for the admission of specific instances of misconduct, "In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of that person's conduct."

### 1. The Proffered Evidence is Relevant

A fact is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable." ER 401. Evidence of a victim's specific acts of violence known to the defendant is relevant to a claim of self-defense because it can "'show the state of mind of the defendant'" and that the defendant "'had reason to fear bodily harm.'" *State v. Cloud*, 7 Wn. App. 211, 218, 498 P.2d 907 (1972) (quoting *State v. Adamo*, 120 Wash. 268, 269, 207 P. 7 (1922)). Evidence that Lee had witnessed Gonzalez Hernandez being "physical" with his wife four days before the incident is relevant to

Lee's state of mind. 2 RP at 62. The evidence would allow the jury to assess Lee's reason to fear bodily harm from the victim.

Although Spicer could not testify as to Lee's subjective state of mind at the time of the incident, her testimony that Lee saw Gonzalez Hernandez being "physical" with his wife does make it more probable that Lee feared Gonzalez Hernandez and also makes his fear more objectively reasonable. Further, Lee attempted to testify to his fear of Gonzalez Hernandez during his own testimony, but the City objected without providing any basis and the court sustained the objection without comment. If the judge had allowed Spicer's testimony about the incident, Lee could have followed up about his perspective during his own testimony.

### 2. Probative Value vs. Prejudicial Effect

The trial court excluded Spicer's testimony about Gonzalez Hernandez's prior violent conduct and Lee's fear based on that conduct because it found the testimony would be "more prejudicial than probative of anything." 2 RP at 65. Once evidence is deemed relevant, "'the burden is on the State to show the evidence is so prejudicial as to disrupt the fairness of the fact-finding process at trial.'" *State v. Jones*, 168 Wn.2d 713, 720, 230 P.3d 576 (2010) (quoting *State v. Darden*, 145 Wn.2d 612, 622, 41 P.3d 1189 (2002)). The City's interest in excluding the prejudicial evidence "must also 'be balanced against the defendant's need for the information sought,' and relevant information can be withheld only 'if the State's interest outweighs the defendant's need." *Jones*, 168 Wn.2d at 720 (quoting *Darden*, 145 Wn.2d at 622).

In a trial involving a claim of self-defense, "the defendant's actions are to be judged against [his or] her own subjective impressions and not those which a detached jury might determine to be objectively reasonable." *Wanrow*, 88 Wn.2d at 240. The jury must evaluate the claim of self-defense by considering "*all* the facts and circumstances known to the defendant, including those

known substantially before the [assault]." *Wanrow*, 88 Wn.2d at 234. The jury should stand "'as nearly as practicable in the shoes of [the] defendant, and from this point of view determine the character of the act.'" *Wanrow*, 88 Wn.2d at 235 (quoting *State v. Ellis*, 30 Wash. 369, 373, 70 P. 963 (1902)).

Because the evidence in this case was relevant and otherwise admissible, the trial court should only exclude it if the City showed that the evidence was "so prejudicial as to disrupt the fairness of the fact-finding process at trial." *Darden*, 145 Wn.2d at 622. Here, the proffered evidence went to Lee's complete defense. Its probative value is to allow Lee to present a defense.

The City only argues that the exclusion of the evidence reduced prejudice to Lee. It argues that the trial court actually "sought to avoid prejudicing" Lee by excluding the evidence, because admitting it would have opened the door to evidence of Lee's own prior acts of misconduct. Br. of Resp't at 7. Even if evidence of Lee's prior misconduct would have been so prejudicial as to "disrupt the fairness of the fact-finding process," the City cites to nothing in the record nor to any legal authority for its claim that evidence of [Gonzalez] Hernandez's conduct would open the door to Lee's conduct. Br. of Resp't at 6.

The City has failed to demonstrate that evidence of Gonzalez Hernandez's prior violent conduct known to Lee would be so prejudicial as to outweigh Lee's Sixth Amendment right to present his defense. This type of evidence should be heard by a jury so it can assess the reasonableness of Lee's actions.

D.     HARMLESS ERROR

The City argues that any error caused by the trial court's exclusion of this evidence was harmless and "did not materially affect the outcome of the trial." Br. of Resp't at 10. However, error of constitutional magnitude is harmless only when the court is "convinced beyond a

reasonable doubt that any reasonable jury would have reached the same result without the error."
*Smith*, 148 Wn.2d at 139. Because Lee claimed self-defense, we cannot say that if the jury had heard the excluded evidence it would have returned the same verdict.

We reverse.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Worswick, P.J.

_____
Johanson, J.