241 P.3d 410 (2010)
STATE of Washington, Respondent,
v.
Gary WERNER, Petitioner.
No. 84388-1.
Supreme Court of Washington, En Banc.
Considered October 7, 2010.
Decided October 28, 2010.
Suzanne Lee Elliott, Attorney at Law, Seattle, WA, for Petitioner.
Lori Ellen Smith, Lewis County Prosecutor's Office, Chehalis, WA, for Respondent.
PER CURIAM.
¶ 1 At issue is whether Gary Werner was entitled to a jury instruction on self-defense in his prosecution for first degree assault after claiming he accidentally discharged a firearm when confronted by a pack of dogs. Under the facts of this case, we conclude he was and reverse his conviction.
¶ 2 Daniel Barnes moved to the real property next to Werner. Almost immediately, Werner and Barnes began an ongoing property dispute concerning a shared easement. Barnes had at least two dogs when he moved in, a boxer and a pit bull, but soon there were up to seven dogs on Barnes's property, including a Rottweiler and two more mixed pit bulls. At least three times before the incident giving rise to criminal charges, the dogs came onto Werner's property and acted menacingly, barking and circling Werner. Werner started carrying a handgun with him on the property because he was afraid of the dogs. Barnes told Werner that, because he *411 had several large dogs that might kill Werner's dog, he intended to build a fence.
¶ 3 Meanwhile, the property dispute intensified, with both parties erecting makeshift fences and barriers in the easement area. One day Werner was target shooting on his property when two of Barnes's friends approached him. One was 19-year-old Colby Galpin. Galpin told Werner his shooting was scaring Barnes's pigs, but Werner refused to stop shooting. While the other friend held a rifle, Galpin threatened to beat Werner and warned him to vacate the easement. After about 10 minutes of arguing, the two men left.
¶ 4 Two weeks later, Werner was on his property in the easement area when one of Barnes's pit bulls approached him, baring its teeth. Werner noticed six other dogs with the pit bull, including the Rottweiler and other pit bulls. As the dogs started circling Werner, he pulled out his pistol, thinking he could scare the dogs, and started yelling for Barnes to call off the dogs. Galpin was building a dog house on Barnes's property. He heard Werner yelling and ran to the easement area. According to Werner, when Galpin showed up, Werner lowered his gun and twice asked Galpin to call off the dogs. But Galpin did not comply. Instead, Galpin took some steps toward Werner, and the pit bull moved with him. Werner panicked and decided to call 911 on his cell phone, but due to his arthritis, as he tried to set the gun down to push the call button, the gun went off, discharging into the ground.
¶ 5 According to Galpin, he heard Werner yelling, went down to the easement, and called off the dogs. All the dogs left except for a pit bull puppy. After the dogs left, Werner pulled the gun. Galpin did not see Werner point the gun, but only saw it go off and discharge into the ground. Werner then contacted police.
¶ 6 The State charged Werner with first degree assault and malicious harassment. The first trial ended in a hung jury. The State tried Werner again. Werner proposed self-defense instructions, but the trial court refused the instructions, ruling that self-defense is not available when a firearm accidentally discharges. The jury acquitted Werner of the harassment charge but found him guilty of first degree assault, finding that he was armed with a firearm during the assault. The Court of Appeals affirmed. State v. Werner, noted at 154 Wash.App. 1060, 2010 WL 780055 (2010). We grant Werner's petition for review, and we reverse his conviction for reasons discussed below.
¶ 7 A criminal defendant is entitled to an instruction on his or her theory of the case if the evidence supports the instruction. State v. Ager, 128 Wash.2d 85, 93, 904 P.2d 715 (1995). Generally, a defendant is entitled to an instruction on self-defense if there is some evidence demonstrating self-defense. State v. Walden, 131 Wash.2d 469, 473, 932 P.2d 1237 (1997). The sufficiency of the evidence of self-defense is evaluated by determining what a reasonable person would do standing in the shoes of the defendant. State v. Riley, 137 Wash.2d 904, 909, 976 P.2d 624 (1999). The refusal to give instructions on a party's theory of the case when there is supporting evidence is reversible error when it prejudices a party. Barrett v. Lucky Seven Saloon, Inc., 152 Wash.2d 259, 266-67, 96 P.3d 386 (2004).
¶ 8 The defenses of accident and self-defense are not mutually exclusive as long as there is evidence of both. State v. Callahan, 87 Wash.App. 925, 931-33, 943 P.2d 676 (1997). Surveying Washington law on the matter, the court in Callahan cited as an example State v. Fondren, 41 Wash.App. 17, 701 P.2d 810 (1985). In Fondren, the defendant testified that he pulled out a firearm because he feared for his own safety and the safety of others, believing that displaying the firearm would stop the altercation. The defendant stated that when he and the victim scuffled, the gun accidentally discharged. The court held that the defendant's intentional use of force before the shooting provided sufficient grounds for a self-defense instruction. Fondren, 41 Wash.App. at 24, 701 P.2d 810; Callahan, 87 Wash.App. at 931, 943 P.2d 676.
¶ 9 The Court of Appeals in this case distinguished Callahan on the basis that Werner faced two distinct potential threats: the dogs and Galpin. The court held that, viewing *412 the evidence in a light most favorable to Werner, there was no evidence he was justified in acting in self-defense against Galpin, the person he was charged with assaulting.
¶ 10 We disagree. "To prove self-defense, there must be evidence that (1) the defendant subjectively feared that he was in imminent danger of death or great bodily harm; (2) this belief was objectively reasonable; [and] (3) the defendant exercised no greater force than was reasonably necessary." Callahan, 87 Wash.App. at 929, 943 P.2d 676 (citation omitted). Werner stated that he was afraid. That fear was arguably reasonable, given that he was facing seven snarling dogs, including several pit bulls and a Rottweiler. See, e.g., State v. Hoeldt, 139 Wash.App. 225, 160 P.3d 55 (2007) (pit bull can be a deadly weapon under RCW 9A.04.110(6)). There is evidence that Galpin refused requests to call off the dogs. By that conduct, Werner could reasonably have believed that Galpin personally posed a threat through the agency of a formidable group of canines that were under his control. As to the firing of the weapon, Werner claims it was an accident. There is sufficient evidence of both accident and self-defense to warrant instructing the jury on self-defense. Since the outcome turns on which version of events the jury believed, the failure to give a self-defense instruction prejudiced Werner.
¶ 11 Accordingly, we reverse the Court of Appeals and reverse Werner's conviction.