

COURT OF APPEALS DIV I
STATE OF WASHINGTON

2014 JUL 21 AM 10: 17

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 70406-1-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| K.A., B.D. 05/01/98, | ) | |
| | ) | |
| Appellant. | ) | FILED: July 21, 2014 |

SCHINDLER, J. — K.A. appeals the juvenile court adjudication finding her guilty of assault in the fourth degree. Because the court did not find the absence of self-defense, and the written findings and the evidence do not support such a finding, we reverse.

## FACTS

The State charged 14-year-old K.A. in juvenile court with assault in the fourth degree of 16-year-old E.P. At the fact-finding hearing, E.P. testified that while riding home on the school bus on October 31, 2012, he and K.A. argued. E.P. said they were trading insults "back and forth," and K.A. threatened to have her brother beat up E.P.

After they got off the bus, the mutual insults continued as they walked home. K.A. and her two friends were walking in front of E.P. and his friend. After E.P's friend turned off in a different direction to go home, E.P. testified that K.A. said something to

him but he was too far away to hear. K.A. and E.P. then approached each other and continued to argue. E.P. said that K.A. threatened to punch him and when she raised her arm to swing at him, he raised his arm to block the punch. E.P. testified that as he did so, K.A. moved forward and bit him on the side of his chest. E.P. testified that he then put his hands on K.A.'s shoulder and pushed her away.

E.P. took a photo of the bite mark when he got home and reported the incident to the police. He gave a statement to a police officer the next day. The police officer also took photographs of the bite mark. E.P. denied either grabbing or touching K.A. before she bit him.

K.A. testified that when she and E.P. approached each other, she was making "hand gestures" and E.P. pushed her, but she did not fall.[1] K.A. testified that when she tried to swing at E.P., he grabbed her with one arm, pulled her face into his chest, and held her for about 20 seconds. K.A. testified that she bit E.P. because he held her against his chest and she "couldn't really breathe." K.A. said that after her friends separated them, she told E.P. she was going home to get her brother, and left.

One of K.A.'s friends, Aliah Butler, testified that "[E.P.] pushed [K.A.] and then she hit him." Butler did not specifically see the biting but said that when she helped separate the two, E.P. was holding K.A. with her face against the side of his chest.

The court found K.A. guilty of fourth degree assault. The court entered detailed findings of fact and conclusions of law. The court found that K.A., E.P., and Butler were "all credible witnesses."

---

[1] In the written findings, the court characterizes the motions as "jabbing."

The court found that when K.A. and E.P. approached each other, K.A. threatened E.P. and made jabbing motions at him that were "aggressive" and "likely to provoke a response." The court found that E.P. then pushed K.A. "away from him in response to her jabbing motions," but the push did not cause K.A. to fall. The court found that after K.A. swung at E.P., E.P. "put his arm around [K.A.] in response to her swinging at him," and "[w]hether she lunged or he grabbed, [K.A.] bit [E.P.]'s chest, leaving a full circle bite mark that was visible for a week." The court found that "[t]he bite was not reasonable force."

The court concluded that K.A. assaulted E.P. and that "[e]ven if the bite was self-defense (and the court does not so find), it did not constitute reasonable force."

## ANALYSIS

On appeal, K.A. contends the court misapplied the law of self-defense, and the State did not disprove her claim of self-defense beyond a reasonable doubt.

The State must prove every element of the crime charged beyond a reasonable doubt. WASH. CONST. art. 1, § 3; In re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). Following a juvenile adjudication hearing, "the court is required to state its findings, including the evidence relied upon, and enter its decision, JuCR 7.11(c), and to reduce them to writing if the case is appealed, JuCR 7.11(d)." State v. Echeverria, 85 Wn. App. 777, 782-83, 934 P.2d 1214 (1997). If the written findings do not state the ultimate facts on each element of the offense and there is no evidence in the record to support the omitted findings, reversal and dismissal of the charge is warranted. State v. Alvarez, 128 Wn.2d 1, 19, 904 P.2d 754 (1995).

Evidence is sufficient to support a conviction if, after viewing the evidence in the light most favorable to the State, a rational trier of fact could have found guilt beyond a reasonable doubt. State v. Kintz, 169 Wn.2d 537, 551, 238 P.3d 470 (2010). A defendant challenging the sufficiency of the evidence in a criminal case admits the truth of the State's evidence and all reasonable inferences that may be drawn from it. Kintz, 169 Wn.2d at 551 (citing State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992)).

Under RCW 9A.36.041(1), "[a] person is guilty of assault in the fourth degree if, under circumstances not amounting to assault in the first, second, or third degree, or custodial assault, he or she assaults another." Fourth degree assault includes the intentional harmful or offensive touching of another person regardless of whether it results in physical injury. State v. Tyler, 138 Wn. App. 120, 130, 155 P.3d 1002 (2007).

It is a defense to the charge of assault that the force used was lawful. See State v. McCullum, 98 Wn.2d 484, 494, 656 P.2d 1064 (1983) (self-defense negates the intent element of a crime). Proof of self-defense requires evidence (1) that the defendant had a subjective fear of imminent danger of bodily harm, (2) that this belief was objectively reasonable, and (3) that the defendant exercised no more force than was reasonably necessary. State v. Werner, 170 Wn.2d 333, 337, 241 P.3d 410 (2010); see RCW 9A.16.020(3).

The standard for self-defense incorporates both subjective and objective elements. State v. Walden, 131 Wn.2d 469, 474, 932 P.2d 1237 (1997). The trier of fact considers all the facts and circumstances subjectively known to the actor and then determines what a similarly situated reasonably prudent person would have done. Walden, 131 Wn.2d at 474. Once the defendant provides evidence of self-defense, the

burden shifts to the State to prove the absence of self-defense beyond a reasonable doubt. State v. Acosta, 101 Wn.2d 612, 615-16, 683 P.2d 1069 (1984); Walden, 131 Wn.2d at 473. The State does not dispute that K.A. presented evidence of self-defense and, therefore, bears the burden to disprove her claim of self-defense beyond a reasonable doubt.

The court rejected K.A.'s claim of self-defense. But as K.A. points out, the court did not make a finding that the State met its burden of proving the absence of self-defense.[2] K.A. argues that the unchallenged findings and the evidence do not support such a determination. We conclude the unchallenged written findings, and the record related to the events that led to the biting, do not establish the absence of self-defense beyond a reasonable doubt.

State v. Graves, 97 Wn. App. 55, 982 P.2d 627 (1999), is analogous. In Graves, the court convicted a juvenile of assaulting his father during a fight over chores. Graves, 97 Wn. App. at 57-58. The juvenile testified that his father "came into his room angrily" and he was afraid his father " 'was going to do something.' " Graves, 97 Wn. App. at 62. His father grabbed his chin, telling him, " '[Y]ou're a punk.' " Graves, 97 Wn. App. at 58. At one point, his father got on top of him and placed him in a headlock. Graves, 97 Wn. App. at 62. The juvenile wrestled with his father and grabbed at his waist to resist. Graves, 97 Wn. App at 60.

The juvenile court ruled that the juvenile had no right to raise self-defense because the parent was entitled to use reasonable force in discipline, and alternatively

---

[2] We do not equate the court's conclusion that "[e]ven if the bite was self-defense (and the court does not so find)," with a determination that the State met its burden of establishing the absence of self-defense.

concluded that the State had disproved self-defense. Graves, 97 Wn. App. at 61. We reversed, concluding the assertion of parental discipline does not preclude a juvenile defendant from raising self-defense. Graves, 97 Wn. App. at 63. We also concluded that because the father initiated the physical contact and the juvenile only wrestled with his father in order to get out from underneath him, the record failed to establish the absence of self-defense. Graves, 97 Wn. App. at 63.

Here, the unchallenged findings of fact about the sequence of events establish that E.P. initiated the physical contact and K.A. committed the alleged assault because she was being forcefully held by E.P., who was two years older and at least eight inches taller than K.A. Contrary to E.P.'s testimony that he did not touch K.A. until after she bit him, the court found that E.P. pushed K.A. in response to K.A.'s hand gestures and then put his arm around K.A. to immobilize her. Thus, according to the findings of fact, E.P. grabbed and held K.A. before she bit him.

Only E.P.'s testimony that K.A. bit him when he raised his arm and exposed the side of his chest would support a finding that K.A. acted offensively and not in self-defense. But while the court ostensibly found all witnesses to be credible, the court clearly rejected this critical aspect of E.P.'s testimony. By contrast, the findings set forth the events as testified to by Butler and K.A. The court would have had to reject the testimony of both K.A. and Butler in order to find that the State proved the absence of self-defense beyond a reasonable doubt. Butler and K.A. testified that E.P. held K.A. in a position with her face against his chest and the two had to be physically separated.

Further, neither the evidence nor the court's findings support the court's determination that K.A. used more force than reasonably necessary. According to the

6

undisputed testimony, the bite was not even sufficient to accomplish the intended effect of making E.P. release K.A. See RCW 9A.16.010(1) ("necessary" means "no reasonably effective alternative to the use of force appeared to exist and that the amount of force used was reasonable to effect the lawful purpose intended").

Because the State failed to carry its burden of disproving self-defense, we reverse K.A.'s conviction of assault in the fourth degree.

WE CONCUR:

7