IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35956-5-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| BRANDON THOMAS TULLAR, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Each party is entitled to have the jury instructed on its theory of the case if there is sufficient evidence to support the theory. To determine whether the evidence is sufficient, trial courts must view the evidence in the light most favorable to the party who requests the instruction. This ensures that juries are the arbiters of factual disputes.

Here, the trial court denied Brandon Tullar his requested self-defense instruction because he did not testify that he feared his opponent would badly beat him. But the law allows Tullar to establish his subjective fear by circumstantial evidence through the testimony of others. Because Tullar's evidence sufficiently established a self-defense theory, the trial court erred in not giving Tullar's requested instruction. We reverse

Tullar's conviction and order a new trial.

FACTS

On December 31, 2017, correctional officer Timothy Millward was making his welfare checks on inmates at the Okanogan County jail when he came across Johnathan Cook's cell. Officer Millward saw Cook facing away from the door, and Officer Millward could tell something was wrong. Officer Millward asked Cook to turn around, and he noticed bruising and a laceration on Cook's face, a bloodstained shirt, and bruising on his ear. Officer Millward took Cook to get medical attention. Cook was diagnosed with a fractured nose and a fractured left eye socket.

Sergeant Eugene Davis was dispatched to investigate the assault. Cook reported that he was in his cell around 10:00 p.m., when Brandon Tullar entered it and punched him in the back of the head. As Cook turned around, Tullar elbowed him in the left eye. This caused Cook to lose his vision and fall. Cook tried to defend himself by covering his face, but Tullar continued to hit him and knee him in the nose, stomach, and chest. The assault lasted about three minutes.

Sergeant Davis then spoke with Tullar. Tullar denied he fought Cook. Sergeant Davis noticed marks on Tullar's hands and his elbow, as well as red marks on his neck.

2

The State charged Tullar with assault in the second degree. Tullar asserted the defenses of self-defense and mutual combat.

At trial, the State called Officer Millward, Sergeant Davis, and Cook. Their testimonies were generally consistent with the facts related above. After Cook testified, the State rested.

Tullar withdrew his claim of self-defense and proceeded with the defense of mutual combat. He then called two fellow inmates who witnessed the fight. According to both inmates, Cook and Tullar were arguing, and Cook challenged Tullar to a fight. Cook and Tullar then went upstairs to Cook's cell, with Tullar going first. Once inside the cell, Cook hit Tullar from behind. Cook put Tullar in a chokehold,[1] but Tullar escaped. They exchanged punches until Cook gave up.

During the jury instruction conference, the State argued that public policy precluded inmates charged with assault to assert the defense of mutual combat. The trial court agreed and declined to give a mutual combat instruction. Tullar then requested a self-defense instruction. He argued the instruction was warranted because there was testimony that Cook threw the first punch. The State argued that a self-defense

---

[1] This detail is consistent with Sergeant Davis's observation that Tullar had red marks on his neck.

instruction was not warranted because Tullar did not testify to his state of mind. The

State further argued that persons other than Tullar could not testify about Tullar's state of

mind because that would be conjecture. The trial court noted that self-defense requires a

subjective standard and because Tullar had not testified about his subjective fear, it would

not give the instruction on self-defense. The trial court also noted that self-defense was

inconsistent with mutual combat.

The jury found Tullar guilty of assault in the second degree. Tullar timely

appealed.

ANALYSIS

Tullar raises three issues on appeal, including whether the trial court erred by not

instructing the jury on self-defense. Because that issue is dispositive, we do not address

the other two.

SELF-DEFENSE INSTRUCTION

Tullar contends the trial court erred by not instructing the jury on self-defense. He

argues the instruction was warranted based on the testimonies of his two fellow inmates.

We agree.

The standard of review for a trial court's refusal to give a jury instruction depends

on the basis of the trial court's decision: If the decision was based on a factual

4

determination, it is reviewed for an abuse of discretion; if the decision was based on a

legal conclusion, it is reviewed de novo. *State v. Condon*, 182 Wn.2d 307, 315-16, 343

P.3d 357 (2015). Here, the trial court refused to instruct the jury on self-defense because

Tullar did not testify about his subjective fear.[2] Whether a defendant must testify about

his subjective fear to receive a self-defense instruction is a question of law, which we

review de novo.[3]

Each side is entitled to have the jury instructed on its theory of the case if there is

sufficient evidence to support that theory. *State v. Williams*, 132 Wn.2d 248, 259, 937

P.2d 1052 (1997). In order to raise self-defense before the jury, a defendant bears the

initial burden of producing some evidence that tends to prove the assault occurred in

circumstances amounting to self-defense. *See State v. Janes*, 121 Wn.2d 220, 237, 850

P.2d 495 (1993). While the threshold burden of production for a self-defense instruction

is low, it is not nonexistent. *Id.* For the jury to be instructed on self-defense, the

---

[2] The trial court also believed that self-defense was inconsistent with mutual combat. We generally agree. But the terms of mutual combat did not include being sucker punched. Tullar's evidence indicates he was attacked by Cook. When attacked, a person, including a prisoner, is entitled to avoid further injury by using reasonable force. RCW 9A.16.020(3); *see also State v. Bradley*, 141 Wn.2d 731, 10 P.3d 358 (2000) (prisoner was entitled to self-defense instruction against corrections officer).

[3] Had the trial court refused to instruct on self-defense because the State was prejudiced due to Tullar's brief withdrawal of his self-defense theory, our review would be "abuse of discretion." But this was not the basis for the trial court's refusal.

defendant must produce some evidence regarding the statutory elements of that defense. *Id.* "In determining whether the evidence is sufficient to support a jury instruction on an affirmative defense, the court must view the evidence in the light most favorable to the defendant." *State v. O'Dell*, 183 Wn.2d 680, 687-88, 358 P.3d 359 (2015).

In Washington, the use of force is lawful when used by a person about to be injured, provided that the force used is not more than necessary. RCW 9A.16.020(3). Because self-defense is a lawful act, it negates the mental state and the "unlawful force" elements of second degree assault. *State v. Acosta*, 101 Wn.2d 612, 616-18, 683 P.2d 1069 (1984).

Although self-defense has both subjective and objective components, neither requires testimony from the defendant. Evidence of self-defense may come "from 'whatever source' and . . . the evidence does not need to be the defendant's own testimony." *State v. Walker*, 164 Wn. App. 724, 729 n.5, 265 P.3d 191 (2011) (quoting *State v. Jordan*, 158 Wn. App. 297, 301 n.6, 241 P.3d 464 (2010), *aff'd*, 180 Wn.2d 456, 325 P.3d 181 (2014)), *adhered to on remand*, *State v. Walker*, No. 39420-1-II (Wash. Ct. App. Feb. 25, 2013) (unpublished),

http://www.courts.wa.gov/opinions/index.cfm?fa=opinions.showOpinion&filename=394 201MAJ.

Here, Tullar's witnesses testified that Cook hit Tullar from behind and then put him in a chokehold.  From this, a trier of fact could infer that Tullar reasonably feared that if he did not fight back, he would be rendered unconscious.  Tullar's witnesses testified that Tullar stopped fighting when Cook gave up.  From this, a trier of fact could find that Tullar used no more force than necessary.  A self-defense instruction was warranted to let the finder of fact determine whether it believed Cook or whether it believed Tullar's witnesses.

A court's refusal to instruct the jury on a party's defense theory when it is supported by sufficient evidence is reversible if the failure to instruct is prejudicial.  *State v. Werner*, 170 Wn.2d 333, 337, 241 P.3d 410 (2010).  At trial, Tullar did not contest that he fought Cook and that he caused Cook's injuries.  Tullar's only argument for acquittal was that he lawfully defended himself.  The trial court's decision to not instruct the jury on self-defense virtually guaranteed Tullar's conviction.  The outcome of this case turns on whose version of events the jury believes and the question of lawful self-defense.  The trial court's refusal to give a self-defense instruction thus prejudiced Tullar.

No. 35956-5-III
*State v. Tullar*

Reversed.

Lawrence-Berrey, C.J.

WE CONCUR:

Fearing, J.

Pennell, J.

8